IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 8, 2014

**STATE OF TENNESSEE v. CURTIS TAYLOR**

**Appeal from the Criminal Court for Shelby County**
**No. 1203591     Glenn Wright, Judge**

---

**No.   W2013-01820-CCA-R3-CD - Filed August 27, 2014**

---

Appellant, Curtis Taylor, was indicted by the Shelby County Grand Jury in a multi-count indictment for first degree murder (Count 1), attempted first degree murder (Count 2), possession of a firearm after having been convicted of a felony (Count 3), and use of a firearm during the commission of a dangerous felony (Count 4). After a jury trial, Appellant was convicted of voluntary manslaughter in Count 1, and was convicted of the offenses as charged in Counts 2 through 4. According to the judgment forms, Appellant was sentenced to ten years in Count 1, fifteen years in Count 2, four years in Count 3, and ten years in Count 4, for a total effective sentence of thirty-five years. However, the transcript of the sentencing hearing reflects a sentence of two years in Count 3, but the same total effective sentence. After the denial of a motion for new trial, Appellant presents the following issues for our review on appeal: (1) whether the evidence is sufficient to sustain the conviction for voluntary manslaughter; and (2) whether the trial court properly sentenced Appellant. After a review of the record and applicable authorities, we affirm the judgments and sentences. However, because the judgment forms do not accurately reflect the sentence as imposed by the trial court during the sentencing hearing, the matter is remanded for entry of corrected judgments to reflect that Appellant was sentenced to two years in Count 3, possession of a firearm after having been convicted of a felony, and that the sentences in Counts 1, 2, and 4 are to run consecutively to each other but concurrently to the sentence in Count 3, for a total effective sentence of thirty-five years. Accordingly, the matter is affirmed and remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Juni Samrat Ganguli, Memphis, Tennessee for the appellant, Curtis Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; Colin Campbell, Assistant District Attorney General; and Charles Summers, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

On July 27, 2011, at the Parkway Food Market, otherwise known as the "Nite-N-Day" by neighborhood residents, a group of people were standing outside talking. The group included Radrako Newsom, Timothy Watson, Appellant, Dominic Cooper, "Red," and "Nook." Appellant was also known as "Cblow." The conversation between Mr. Cooper and "Red" became heated when "Red" asked Mr. Cooper why he was going around town telling people that he was going to kill "Red." Mr. Cooper informed "Red" that if he wanted to kill him, he would have done so already.

At that point, a crowd started to gather around the men. A fistfight broke out during which "Nook" punched Mr. Cooper. Mr. Watson heard someone shout, "he got a gun." Surveillance video showed Appellant holding a gun. Sallam Alothmani, an employee of the market, heard seven or eight shots. Mr. Newsom was hit twice before he managed to run away. Mr. Watson ran away from the scene. Mr. Newsom called out to Mr. Watson, telling him that he was shot. Mr. Watson turned around, ran back to Mr. Newsom, and laid him down in the street. Mr. Newsom died as a result of two gunshot wounds, one to the chest and one to the right leg. The medical examiner opined that the chest wound itself would have been fatal and, based on the bullet's path, the only person in a position to fire the shot and hit Mr. Newsom in the chest was Appellant.

The Memphis Police Department received a tip after the shooting that Mr. Cooper was involved in the incident. When he was located at a house on Lealand Street near the Parkway Food Market, a search of the home resulted in the recovery of a box of .25 caliber ammunition, the same caliber of ammunition that was found at the scene of the shooting. Mr. Watson identified Appellant and Mr. Cooper as the people that were shooting. Additionally, the surveillance video showed Appellant shooting a gun at the crowd.

The bullets recovered from Mr. Newsom's body were .22 caliber. There was testimony to indicate that if the bullets were fired through a .22 caliber revolver, there would

not be any shell casings at the scene. Additionally, a .22 caliber bullet could not have been fired through a .25 caliber weapon.

At the conclusion of the testimony, the jury convicted Appellant of voluntary manslaughter of Mr. Newsom, attempted first degree murder,[1] possession of a firearm after having been convicted of a felony, and use of a firearm during the commission of a dangerous felony. Appellant was sentenced to a total effective sentence of thirty-five years. After the denial of a motion for new trial, Appellant appeals.

## *Analysis*

### *I. Sufficiency of the Evidence*

On appeal, Appellant argues that "a rational jury would have acquitted him of all offenses" and that the proof showed that Appellant "shot to stop the beating of [Mr.] Cooper by several gang members." In other words, Appellant argues that the proof at trial supported the defense of third person or self-defense. The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994) (citing *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992)). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial

---

[1]The indictment charged Appellant with attempted first degree murder of "a person whose identity is to the Grand Jurors aforesaid unknown." Appellant does not challenge the sufficiency of the evidence for the conviction for attempted first degree murder on appeal.

evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

"Voluntary manslaughter is the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." T.C.A. § 39-13-211(a). The existence of adequate provocation is a question of fact for the jury to determine. *State v. Johnson*, 909 S.W.2d 461, 464 (Tenn. Crim. App. 1995). Interestingly, on appeal, Appellant does not dispute that he killed the victim. Instead, he claims that he did so in defense of Mr. Cooper. Appellant points to Tennessee Code Annotated section 39-11-612, which provides:

> A person is justified in threatening or using force against another to protect a third person, if:
>
> (1) Under the circumstances as the person reasonably believes them to be, the person would be justified under § 39-11-611 in threatening or using force to protect against the use or attempted use of unlawful force reasonably believed to be threatening the third person sought to be protected; and
>
> (2) The person reasonably believes that the intervention is immediately necessary to protect the third person.

The jury is charged with determining whether defense of another is justified. *See State v. Marquette Houston*, No. W2006-00095-CCA-R3-CD, 2007 WL 1890650, at *6 (Tenn. Crim. App., at Jackson, June 29, 2007), *perm. app. denied*, (Tenn. Nov. 19, 2007).

Viewing the evidence in a light most favorable to the State, the proof shows that Appellant was standing outside the market when a fight broke out. Appellant had a gun and shot into the crowd, even after the crowd started to disperse. As previously noted, the credibility and weight given to a witnesses' testimony are issues resolved by the jury as the trier of fact. *See Bland*, 958 S.W.2d at 659. The jury, as was their prerogative, chose not to credit Appellant's theory of defense of others, and we will not second-guess the factual determinations of the jury. Accordingly, Appellant is not entitled to relief on this issue.

-4-

*II. Sentencing*

Appellant insists that he was improperly sentenced. Specifically, Appellant argues that the trial court gave "impermissible weight to enhancement factors," did not give any weight to mitigating factors, and improperly imposed consecutive sentences. The State argues that the trial court did not abuse its discretion in sentencing Appellant to an effective sentence of thirty-five years.

The trial court held a sentencing hearing. At that hearing, several friends and family members of the victim testified about the strong negative impact the victim's death had on their lives. Appellant apologized to the family of the victim. The trial court recalled the facts of the case, commenting that if Appellant did not have a gun at the scene, the victim would still be alive. Additionally, the trial court noted that Appellant had an extensive criminal record and performed actions that put a lot of people in danger. For Count 1, the trial court found Appellant to be a Range II, multiple offender and sentenced him to ten years. In Count 2, the trial court determined Appellant was a Range I, standard offender, and sentenced him to fifteen years. For Count 3, the trial court sentenced Appellant to two years. Finally, for Count 4, the trial court sentenced Appellant to ten years. The trial court commented:

> The Court is of the opinion, based upon [Appellant's] past record and based upon the fact that we had multiple people that were endangered and certainly the criminal attempt murder, first-degree, and the voluntary manslaughter being, of course, two separate individuals whose - - one whose life was terminated; the other whose life was certainly put in danger, the Court feels that those sentences should be served consecutive, one to the other.

> The Count 3 sentence will run concurrent with those and the Court 4, of course, mandatory sentence of 10 years, to run consecutive for a total sentence of 35 years.

> . . . .

> These - - again, the sentences in Count 1 and 2 will run consecutive with each other as will Count 4, and the sentence in Count 3 will run concurrent for a total effective sentence of 35 years.

At the outset of our sentencing analysis, we note that the judgment forms are contrary to the ruling from the trial court at the sentencing hearing. Specifically, the judgment forms order Counts 1 and 2 to be served concurrently with Count 3 but consecutive to Counts 1, 2, and 4; Count 3 to be served concurrently with Counts 1, 2, and 3 but consecutively to Count

4; and Count 4 to be served consecutively to Counts 1, 2, and 3. The judgment forms state that the total effective sentence is thirty-five years. At the sentencing hearing, as stated above, the trial court ordered the sentence in Count 3 to be served "concurrent." Additionally, the trial court ordered Appellant to a two-year sentence on Count 3 and the judgment form reflects a four-year sentence. Generally, when there is a conflict between the judgments of conviction and the transcript of the proceedings, the transcript controls. *State v. Crowe*, 168 S.W.3d 731, 735 n.1 (Tenn. 2005). As such, we must remand the case for entry of correct judgments of conviction to reflect the proper sentences.

Appellate review of sentencing decisions is now based on an abuse of discretion standard. This Court must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The trial court is still required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See Bise*, 380 S.W.3d at 706 n.41; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Thus, a sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute.

During the sentencing hearing, the trial court found that the following enhancement factors applied to Appellant: (1) Appellant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (3) the offense involved more than one victim; (9) Appellant employed a firearm during the commission of the offense; (10) Appellant had no hesitation about committing a crime when

-6-

the risk to human life was high; and (13) at the time the felony was committed, Appellant was released on probation. T.C.A. § 40-35-114(1), (3), (9),(10), and (13). Appellant concedes that the enhancement factors applied but argues that the trial court should have used mitigating factors to lower his sentence.

We disagree. The trial court did not abuse its discretion by sentencing Appellant to sentences that are within the appropriate range. Additionally, the record demonstrates that the sentences are otherwise in compliance with the purposes and principles listed by statute. Appellant is not entitled to relief on this issue.

*III. Consecutive Sentencing*

Appellant also challenges the trial court's decision to order consecutive sentencing. Specifically, Appellant argues that the trial court failed to consider all the sentencing guidelines before ordering consecutive sentencing. When a defendant is convicted of more than one criminal offense, there is a presumption in favor of concurrent sentencing. *See* T.C.A. § 40-35-115(d). However, the court may order the sentences to run consecutively if it finds by a preponderance of the evidence that one or more of the seven factors listed in Tennessee Code Annotated section 40-35-115(b) exists. Those factors are as follows:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
> (6) The defendant is sentenced for an offense committed while on probation; or
> (7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b). Before a trial court can impose consecutive sentences based upon the dangerous offender classification, the trial court must conclude that the evidence has established that the aggregate sentence is reasonably related to the severity of the offenses and necessary to protect the public from further criminal acts by the defendant. *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995).

After a review of the record, it appears that the trial court based its determination on two of the statutory factors: "[t]he defendant is an offender whose record of criminal activity is extensive" T.C.A. § 40-35-115(b)(2), and "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high," T.C.A. § 40-35-115(b)(4).

After a period of uncertainty, our Supreme Court recently ruled that the same standard of review that applies to a trial court's decisions about the length of sentences under *Bise*, also applies to its decisions regarding concurrent or consecutive sentences: "We hold that, when a trial court places findings on the record to support its sentencing decision, the applicable standard of appellate review for a challenge to the imposition of consecutive sentences is abuse of discretion with a presumption of reasonableness." *State v. Pollard*, ___ S.W.3d ___, 2013 WL 6732667 at *7 (Tenn. 2013).

We note that the trial court failed to properly place application of the *Wilkerson* factors in the record on appeal. However, the record in this case included proof of two other statutory factors, either of which could have been used by itself to justify consecutive sentencing. Appellant had an extensive criminal history; he does not deny this fact. Additionally, even though the trial court did not appear to base its decision to order consecutive sentencing on Appellant's probationary status, Appellant does not deny that he was on probation on the day that the incident occurred. This could have provided additional justification for consecutive sentencing. We therefore determine that the trial court did not abuse its discretion. Appellant is not entitled to relief.

*CONCLUSION*

For the foregoing reasons, the judgments of the trial court are affirmed. However, the matter is remanded to the trial court for entry of corrected judgment forms to reflect the sentences as imposed during the sentencing hearing. Specifically, on remand, the trial court should enter corrected judgments to reflect that Appellant was sentenced to two years for the conviction in Count 3 for possession of a firearm after having been convicted of a felony and that the sentences in Counts 1, 2, and 4 are to run consecutively to each other but concurrently to the sentence in Count 3, for a total effective sentence of thirty-five years. Accordingly, the matter is affirmed and remanded for further proceedings consistent with this

opinion.

_____
JERRY L. SMITH, JUDGE